rne opinion ot tne (Jourt was delivered by
Cheves, J.
It is a clear and acknowledged principle of law, that consent cannot give jurisdiction ; much less ean the act of one party do so. It has been often determined that a plaintiff cannot release a part of his demand to bring his case within an inferior jurisdiction. Is the attempt of the plaintiif, in this case, anything less ? He has not, expressly, released the interest which has accrued; but he says he does not claim it, which is as much within the principle of the law as the ease of an express release. It must be equivalent to a release, or the whole demand subsists, and will take the case out of the summary jurisdiction. But a distinction is ^attempted between interest which has accrued by the legal effect of the contract, and interest which has accrued by an express stipulation, in the contract, for the payment of interest. This depends on another distinction, viz.: That when there is an express stipulation, interest is a part of the contract, but when there is not, it is given by the Court in the nature of discretionary damages. . Now the law is directly otherwise in a contract like the present. Interest, after a promissory note becomes due, though it be not stipulated on the face of it, is as much a part of the contract, asjwhere it is. The Court has no discretion in giving or refusing it. Because it is in actions of assumpsit, given in the shape of damages, no contrary inference ean be drawn j for the principals is given in the same way. There are some cases, no doubt, in which interest is given in the shape of discretionary damages ; but in general, interest is given on the ground of contract, expressed or implied. Calton v. Bragg, 15 East. Rep. 223. It is said, there has been a case decided in this Court, in which, the distinction for which the plaintiff contends, was supported. The Court has been unable to get any satisfactory information concerning this case. On the other hand, in the case of Reynolds v. Wells,[1] it was determined, that where the defendant, under the summary jurisdiction, had given notice of a discount which exceeded, by a few dollars, the jurisdiction, although it was an open account, consisting *116 of several independent items, which he might or not have plead in the first instance, he could not waive any of them, in order to give jurisdiction to the Court. No case can more stongly confirm the principle, that no act of the party shall give jurisdiction. On principle, and in the absence of recognized authority, the Court thinks the case before it clear. The Court had not jurisdiction. This preserves the analogy of the law, and it is worth preserving. Analogy is the light of the law. To the learned it is a guide, and to the community it is the most intelligible and satisfactory reason for the judgments of the Courts ; without it, they will be a bundle* of contradictions and embarrassing particulars, leading to the establishment of no general rule.
Davis and Harrison, for the motion. Geo. Bowie and Alex. Bowie contra.
The motion is refused.
Grimke, Colcook, Nott, Johnson, and Gantt, JJ., concurred.

 3 Brev. 407; 1 Tread. 478.